**Steven J. HARBAY**

v.

**The UNITED STATES.**

No. 71-55.

United States Court of Claims.
May 8, 1957.

Calvin H. Childress, Washington, D. C., for plaintiff. Frederick W. Shields, Washington, D. C., was on the briefs.

Arthur E. Fay, Washington, D. C., with whom was Asst. Atty. Gen. George Cochran Doub, for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

LITTLETON, Judge.

Plaintiff sues to recover the difference between the retired pay of a lieutenant and the retired pay of a lieutenant commander credited with his years of service, from November 1, 1953, the date on which he was transferred from the Fleet Reserve to the retired list of the Navy, to date of judgment, pursuant to section 511 of the Career Compensation Act of 1949, 63 Stat. 829, 37 U.S.C.A. § 311. The parties have filed cross motions for summary judgment.

Plaintiff was transferred as an enlisted man to the Fleet Reserve on November 11, 1935. On November 2, 1939, plaintiff was recalled to active duty as an enlisted man and while serving on such active duty was advanced under temporary appointments to higher enlisted grades until September 11, 1944, when he was advanced to the commissioned rank of lieutenant (jg). On February 15, 1946, he was advanced to the commissioned rank of lieutenant and, on July 17, 1953, he was further advanced to the commissioned rank of lieutenant commander. Plaintiff satisfactorily served in the rank of lieutenant commander until October 31, 1953, on which date he was released from active duty and reverted to his permanent enlisted status in the Fleet Reserve. Effective the next day, November 1, 1953, plaintiff was transferred to the retired list of the Regular Navy in accordance with the provisions of section 204 of the Naval Reserve Act of 1938, 52 Stat. 1179, as amended, 34 U.S.C.A. § 854c, and, pursuant to the provisions of section 10 of the Act of July 24, 1941, as amended by section 8(a) of the Act of February 21, 1946, 60 Stat. 28, 34 U.S. C.A. § 350i, he was advanced on the retired list to the rank of lieutenant, the highest rank in which he had served satisfactorily prior to July 1, 1946. In computing his retired pay he was credited with all active service time since his recall in 1939, as required by sections 516 of the Career Compensation Act of 1949, 37 U.S.C.A. § 316, supra, but on the basis of the monthly basic pay of a lieutenant rather than that of a lieutenant commander.

Plaintiff contends that because he was transferred to the Fleet Reserve prior to the enactment of the Career Compensation Act of 1949, he is entitled to the benefits provided for in section 511 of that act, including the right to have his retired pay computed on the basis of the highest rank, satisfactorily held by him at any time, i. e., that of lieutenant commander.

Defendant contends that neither the language of section 511 of the Career Compensation Act of 1949 nor its legislative history relieves plaintiff of the limitations imposed on his retired pay by Public Law 305, Act of February 21, 1946, 60 Stat. 26, which latter law, if applicable, would limit plaintiff's retired pay to the pay of the highest rank satisfactorily held by him prior to July 1, 1946, i. e., the rank of lieutenant.

Section 511 of the Career Compensation Act of 1949 provides in pertinent part as follows:

"On and after the effective date of this section (1) members of the uniformed services heretofore retired for reasons other than for physical disability, (2) *members heretofore transferred to the Fleet Reserve* or the Fleet Marine Corps Reserve, and * * * shall be entitled to receive retired pay, retirement pay, retainer pay, or equivalent pay, in the amount whichever is the greater, computed by one of the following methods: (a) The monthly retired pay, retainer pay, or equivalent pay in the amount authorized for such members and former members by provisions of law in effect on the day immediately preceding the date of enactment of this Act, or (b) monthly retired pay, retirement pay, retainer pay, or equivalent pay equal to 2½ per centum of the *monthly basic pay of the highest federally recognized rank, grade, or rating,* whether under a permanent or temporary appointment, *satisfactorily held,* by such member or former member, as determined by the Secretary concerned, and which such member, former member, or person would be entitled to receive if serving on active duty in such rank, grade, or rating, multiplied by the number of years of active service creditable to him: * * * *Provided further,* That * * * (b) enlisted persons or *former enlisted persons of the Regular Navy* or

Regular Marine Corps *who have been transferred prior to the effective date of this section to the Fleet Reserve* or the Fleet Marine Corps Reserve *under the provisions of title II of the Naval Reserve Act of 1938, as amended, shall not be entitled to have their retired pay or retainer pay computed on the basis of the highest officer \* \* \* grade held by them as authorized by this section until they have completed thirty years of service,* to include the sum of their active service and their service on the retired list or in the Fleet Reserve or in the Fleet Marine Corps Reserve, as required by existing law: \* \* \*." [Italics supplied.]

The plain language of the above section would seem to apply to this plaintiff because he is a member of the uniformed services "heretofore transferred to the Fleet Reserve," that is, transferred to the Fleet Reserve prior to the effective date of the Career Compensation Act of 1949, having been transferred to the Fleet Reserve on November 11, 1935, and also because he had completed "thirty years of service," including his years of active service and service in the Fleet Reserve.

Defendant says that plaintiff does not come within the provisions of section 511 of the 1949 Act because he was not receiving retired or retainer pay on the date of the enactment of the Career Compensation Act of 1949, but was rather receiving active duty pay. It is true that plaintiff, having been recalled from the Fleet Reserve to serve on active duty in 1939, was, on October 1, 1949, receiving active duty pay, but he had been transferred to the Fleet Reserve prior to October 1, 1949, and so meets the "heretofore transferred to the Fleet Reserve" requirement of section 511.. The section says nothing about the necessity of a person who had "heretofore" been transferred to the Fleet Reserve being in receipt of retired or retainer pay on the date the 1949 law was enacted. Defendant's argument is, in substance, that a

person transferred to the Fleet Reserve prior to the enactment of the 1949 Act, who has not been recalled to active duty as of the time of the passage of that act, is entitled to the benefits of section 511, but that if such person has been recalled to active duty and is serving thereon at the time of the enactment of the 1949 Act, he may not have such benefits.

To support its argument that section 511 applies only to persons who, on the effective date of the Career Compensation Act, were receiving retired or retainer pay, defendant quotes from House Report 779, 81st Cong., 1st Sess., p. 24, as follows:

"Section 511 of title V applies to those heretofore retired for reasons other than physical disability. This section permits *those now on the retired lists* to elect to retain their present pay or to compute their pay on the basis of the new pay scales at the rate of 2½ percent of the monthly basic pay of the highest federally recognized rank, grade, or rating satisfactorily held by the member during his entire career multiplied by the number of years of active service."

Defendant urges that as of the effective date of the 1949 Act plaintiff could not be said to have been "now on the retired lists." Defendant also refers to a portion of the testimony at the hearings before the Senate Armed Forces Committee on H.R. 5007, 81st Cong., 1st Sess., at pages 327 through 330, where Admiral Fechteler stated that section 511 deals with persons "on the retired list today for reasons other than physical disability." Defendant does not quote that portion of the hearings where the Admiral explained to the committee that transfer to the Fleet Reserve after 20 years' active naval service was the same as retirement after 20 years' active service, and that members so transferred received retainer pay which was the same as retired pay. It was also explained to the committee that once a man is retired or is transferred to the Fleet

Reserve he remains a retired person or a Fleet Reservist despite a subsequent recall to active duty, and that at the end of such active duty such member merely reverts to his position on the retired list or in the Fleet Reserve. It is obvious from a reading of the testimony at the hearings that when "retired list" or "retired members" were referred to in connection with section 511, such expressions referred both to persons on the retired list of the Regular Navy and to persons who had been transferred to the Fleet Reserve, and it is clear that the members of the committee understood that when a retired person or a member of the Fleet Reserve is recalled to active duty and is thereafter released from such active duty, he does not again have to be retired or transferred to the Fleet Reserve, but merely reverts to inactive duty on the retired list or on the Fleet Reserve. On the effective date of the Career Compensation Act this plaintiff was a member in the Fleet Reserve who had been transferred thereto in 1939, despite the fact that on such effective date he was serving on active duty pursuant to recall.

■ We are of the opinion that neither the language of section 511 of the 1949 Act nor anything in its legislative history justifies defendant's interpretation that a person transferred to the Fleet Reserve prior to October 1, 1949, but not receiving retainer pay on October 1, 1949, because serving on active duty pursuant to recall on that date, is not covered by the provisions of section 511.

■ Defendant next contends that even if plaintiff qualifies as having been "heretofore transferred to the Fleet Reserve" within the meaning of section 511, he is not entitled to have his retired or retainer pay based on the highest federally recognized rank held by him during his entire career because section 511 only permits such pay to be based on the highest rank held prior to October 1, 1949, the effective date of the Career Compensation Act. This was the position taken by the Comptroller General, 34 Comp.Gen. 225, November 18, 1954, in an opinion issued in response to a question submitted by the Secretary of the Navy as to how the retired pay of plaintiff Harbay should be computed, i. e., on the basis of the pay of his rank of lieutenant or on his rank of lieutenant commander. In order to arrive at such an interpretation of section 511 it would be necessary to interpolate additional language therein as shown in the following excerpt in brackets and italicized:

"Sec. 511. * * * (b) monthly retired pay, * * * equal to 2½ per centum of the monthly basic pay of the highest federally recognized rank, grade, or rating, whether under a permanent or temporary appointment, satisfactorily held by such member or former member [*prior to the effective date of section 511 of the 1949 Act*] as determined by the Secretary concerned * * *."

We can find nothing in the legislative history of the Career Compensation Act indicating a congressional intent to have the above section read as though the words "prior to the effective date of section 511 of the 1949 Act" were actually in such section. On the contrary, the excerpt from House Report 779, quoted by defendant, specifically states that the highest federally recognized rank referred to in section 511 is that highest rank "held by the member during his entire career."

Defendant next urges that plaintiff may not be said to be covered by section 511 of the Career Compensation Act because he is obviously covered by section 516 of that act. Section 516 is entitled "Provisions relating to increase of retired pay by active duty," and provides in pertinent part, as follows:

"Members and former members of the uniformed services, including members of the Fleet Reserve * * * who have been, or may hereafter be, retired or transferred to the Fleet Reserve * * * and entitled to receive retired pay, retirement pay, re-

tainer pay, or equivalent pay computed under the provisions of this or any other Act, shall be entitled, subject to the provisions hereinafter listed, to receive increases in such retired pay, retirement pay, retainer pay, or equivalent pay for all active duty performed after retirement or transfer to the Fleet Reserve * * *: *Provided,* That the retired pay, retirement pay, retainer pay, or equivalent pay to which such member or former member shall be entitled upon his release from active duty shall be computed by multiplying the years of service creditable to him for purposes of computing retired pay, retirement pay, retainer pay, or equivalent pay at the time of his retirement or transfer plus the number of years of subsequent active duty performed by him by 2½ per centum, and by multiplying the product thus obtained by the base and longevity pay or the basic pay, as the case may be, of the rank or grade in which he would be eligible, at the time of his release from active duty, to be retired or transferred except for the fact that he is already a retired person or a member of the Fleet Reserve or Fleet Marine Corps Reserve: * * * "

The above section is of much broader application than section 511 and covers not only persons retired or transferred to the Fleet Reserve prior to the passage of the act, but also those retired or transferred subsequent thereto. While it does cover this plaintiff to the extent that it permits him to receive credit for all active service performed after his recall in 1939, it does not prevent him from electing to have his retired pay computed under method (b) of section 511, if he qualifies therefor. If plaintiff had been transferred to the Fleet Reserve subsequent to the passage of the Career Compensation Act, he would not have been entitled to the benefits of section 511, which permit him to compute his retired or retainer pay on the basis of the monthly basic pay of the highest

rank held by him in his entire career, but he would, under section 516, be entitled to credit for all active service time after recall.

■ Finally, defendant calls the court's attention to Public Law 547, 84th Cong., 2d Sess., enacted May 31, 1956, 70 Stat. 222. Defendant says that section 4(a) of that act, 34 U.S.C.A. § 350i note, does for plaintiff precisely what plaintiff herein claims that section 511 of the Career Compensation Act of 1949 does for him, and that this cannot be so or Congress was doing a useless thing in enacting section 4(a) of the 1956 Act. Section 4(a) of the 1956 Act repeals subsection 10(e) of the Act of July 24, 1941, as added by subsection 8(a) of the Act of February 21, 1946, 60 Stat. 28. The repealed section of the 1946 Act limited the retired rank and the retired pay of persons covered by that act to the highest rank held on or prior to June 30, 1946. Defendant refers specifically to Senate Report 2019 to accompany H.R. 8904, which became the Act of May 31, 1956 (Public Law 547), in which the following statements appear:

"(2) The bill also permits a small group of Naval and Marine Corps officers (91 Navy, 22 Marine Corps) retired prior to August 9, 1955, *to be advanced to the highest temporary grade* satisfactorily served at any time. Existing authority permits their advancement only to the grade held during the World War II dates.

* * * * * *

"This section [4(a)] relates to permanent enlisted and warrant Navy and Marine Corps personnel who retire in an enlisted status. These individuals, if they have completed less than 30 years of active service, are placed in the Fleet Reserve and upon the completion of a total of 30 years of service both active and retired are advanced to the highest grade in which they served prior to July 1, 1946.

"Section 4(a) has the effect of deleting the provision which re-

stricts the retirement of such persons to the *rank* held prior to July 1, 1946, with the result that after a total of 30 years of service he may be retired in the highest rank satisfactorily held at any prior time. It is necessary for the provision to be retroactive in order that those individuals already retired since February 1, 1946, will be advanced to the highest temporary grade satisfactorily held at any prior time. * * *" [Italics supplied.]

Defendant says that the foregoing excerpts from the Senate report show that Congress was aware that under the law existing prior to May 31, 1956, an enlisted member of the Fleet Reserve with permanent enlisted rank, who was recalled to active duty and reached a higher temporary grade, could be retired upon the completion of 30 years' active and inactive service, *only in the highest grade in which he satisfactorily served prior to July 1, 1946.*

We agree with defendant that section 511 of the Career Compensation Act did not permit persons theretofore retired or transferred to the Fleet Reserve to be *advanced on the retired list* to the highest federally recognized *rank* or *grade* held by them at any time, but section 511 did expressly permit such "heretofore" retired or transferred persons to compute their retired or retainer *pay* by the method provided in section 511(b) of the 1949 Act on the basis of the highest federally recognized rank or grade held by them at any time. That Congress was fully aware of the fact that section 511 of the 1949 Act gave *partial* relief from the restrictions of section 8(a) of the 1946 Act to personnel retired or transferred prior to October 1, 1949, i. e., permitted their retired pay to be computed on the highest rank held, even if held after June 30, 1946, although it did not permit them to be advanced to such highest rank on the retired lists, is apparent from another portion of the Senate Report on the 1956 Act, quoted in part by defendant, as follows:

"Purpose of the Legislation

"The purpose of title I of the proposed legislation is to authorize on a uniform basis, retired personnel of the uniformed services *to be advanced on the retired lists* to the highest grade in which satisfactory service has been rendered while on extended active duty, and to authorize payment of retired pay computed on the basis of such grades.

"Under current law personnel retired for physical disability and Reserve component personnel awarded retired pay at age 60 under title III, Public Law 810, 80th Congress [62 Stat. 1087], are entitled to retired pay computed on the basis of the grade in which serving, or on the basis of such higher temporary grade in which he may have served satisfactorily *at any time* during his entire period of service.

"In addition to these general type provisions, there are other existing laws of limited application which authorize retirement in the highest grade held. The more important of these provisions are as follows:

"(a) Sections 411, 511, and 516 of the Career Compensation Act of 1949 [37 U.S.C.A. §§ 281, 311, 316] authorize award of retired or retirement *pay* in higher temporary or permanent grades to members of the uniformed services. Sections 411 and 511 apply only to personnel who were retired prior to October 1949; section 516 is applicable only to retired personnel who are recalled to active duty following retirement. No authorization, however, is contained in those sections for *advancement on the retired list* of officers or enlisted personnel to *grades corresponding to the rates of pay authorized.* * * *" [Italics supplied.]

From the above it is apparent that section 4(a) of the 1956 Act did a number of things for retired personnel of the

uniformed services, including this plaintiff, but its only impact on this plaintiff and others similarly situated, was to permit their *advancement on the retired list to grades corresponding to the rates of retired pay already authorized for them by section 511 of the Career Compensation Act of 1949.* In addition, this new legislation gave to members of the uniformed services not covered by section 511, because they were retired or transferred to the Fleet Reserve *subsequent* to the passage of the Career Compensation Act, the right to be advanced on the retired list to the highest grade satisfactorily held by them at any time during their entire career and to have their retired pay based on the basic monthly pay of such grade. That Congress was aware of the fact that persons retired or transferred to the Fleet Reserve prior to the passage of the 1949 Act were entitled to have their retired or retainer pay based on the highest rank held at any time during their careers but were not entitled to be advanced to a grade higher than that held prior to July 1, 1946, and that persons retired or transferred after the passage of the 1949 Act were subject to all the limitations, grade and pay, contained in earlier legislation, is manifest from testimony at the House Subcommittee Hearings held on March 14, 1956 on H. R. 8904 (Committee Print 64).

In such hearings it was called to the committee's attention that the Career Compensation Act took care of members of the Fleet Reserve transferred thereto prior to October 1, 1949, so far as the higher pay was concerned, but failed to include those whose transfer occurred after October 1, 1949 (p. 6933 of Hearings). Also in the testimony taken on March 20, 1956, before the Armed Services Committee of the House (Committee Print No. 66), it was pointed out (p. 6988) that the repeals contained in section 4(a) of the 1956 Act would permit the *advancement* of persons on the retired list who had attained their highest

commissioned grades after World War II, i. e., after June 30, 1946. Also, on page 6991 of those hearings, Mr. Blandford, commenting on the Career Compensation Act of 1949, stated:

"It is the craziest situation in the world, because under the Career Compensation Act that officer draws the pay but not the rank.

"Mr. Price. This will take care of him?

"Mr. Blandford. Yes. This will let his tombstone reflect his *grade* in addition to his *paycheck.*" [Italics supplied.]

From the above, it appears that plaintiff, having been transferred to the Fleet Reserve prior to October 1, 1949, and having completed more than 30 years' active service, was entitled upon his retirement in 1953 to have his retired pay computed in the manner provided in section 511(b) of the Career Compensation Act of 1949, on the basis of the basic monthly pay of the rank of lieutenant commander, in which rank he served satisfactorily, as determined by the Secretary of the Navy. Accordingly, plaintiff is entitled to recover the difference between the retired pay he has received based on the pay of a lieutenant and the retired pay to which he was and is entitled based upon the monthly basic pay of a lieutenant commander credited with his length of service, from November 1, 1953, the date he was transferred from the Fleet Reserve to the Retired List of the Navy, to the date of payment, and judgment is entered to that effect.

Defendant's motion for summary judgment is denied. Plaintiff's motion for summary judgment is granted. The amount of recovery will be determined pursuant to Rule 38(c) of this court, 28 U.S.C.A.

It is so ordered.

JONES, Chief Judge, and LARAMORE, MADDEN and WHITAKER, Judges, concur.